**Claude PURCELLA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2644.**

Court of Appeals of Alaska.

Dec. 9, 1988.

Cynthia Strout, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Brent Cole, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Claude Purcella was convicted, following a jury trial, of promoting gambling in the second degree, AS 11.66.220, and two counts of possession of a gambling device, AS 11.66.260(a). All these offenses are class A misdemeanors. A class A misdemeanor is punishable by a term of imprisonment of not more than one year. AS 12.55.135. Superior Court Judge Brian C. Shortell sentenced Purcella to serve 180 days with 150 days suspended for promoting gambling in the second degree. Judge Shortell imposed thirty days with all thirty days suspended on the two counts of possession of a gambling device. All the sentences were imposed concurrently. Thus, Purcella's composite sentence was 180 days with 150 days suspended. In addition, Judge Shortell imposed a fine of $2,500. Judge Shortell placed Purcella on probation for a period of two years. One of the special conditions of probation was that

Purcella was not to be seen in an illegal gambling establishment.

Purcella served his sentence on these offenses. Less than a year later, while still on probation, Purcella was convicted on another gambling offense. Purcella received ninety days, all suspended, and was ordered to do forty hours of community work on this later conviction. The state petitioned to revoke Purcella's probation on his original offenses based upon this conviction. Judge Shortell revoked Purcella's probation, and imposed ninety days of the previously suspended term. Purcella appeals, arguing that the sentence is excessive. We affirm.

At the time of sentencing, Purcella was nearly fifty years old. The conviction upon which the revocation was based was Purcella's fourth gambling offense since 1974. It was his second conviction within the year. Judge Shortell reasoned that Purcella was a professional gambler who had refused to stop gambling, and that the previously imposed sentence of thirty days had not acted as a deterrent. He concluded that he should impose more time for this offense to attempt to deter Purcella from illegal gambling.

Purcella argues that he has not engaged in any illegal activity other than gambling, that gambling is not a serious offense, and that the trial courts have generally not imposed substantial periods of imprisonment for similar offenses. Purcella has attached judgments from several cases involving illegal gambling convictions where imprisonment has not been imposed. The date which Purcella has provided is not sufficient for us to conclude that the sentence which Purcella received is so out of line with sentences imposed in similar cases so as to make his sentence excessive. The judgments provided by Purcella's counsel involved substantial periods of suspended time. We assume that when a trial court imposes suspended time that the court would seriously consider imposing that time in the event of a probation violation. The legislature has classified the gambling offenses Purcella was convicted of as class A misdemeanors. Furthermore, we cannot disagree with the trial court's finding that Purcella is a chronic offender who will not be easily deterred. Under these circumstances, we conclude that the trial court was not clearly mistaken in imposing a substantial sentence in an attempt to deter Purcella from illegal gambling. We therefore conclude that the sentence was not clearly mistaken.

Purcella's sentence is AFFIRMED.